QUESTIONS: 1. What is the proper judicial proceeding referred to in s. 197.086(2), F. S.? 2. Is such a judicial proceeding a prerequisite generally to the perfecting of a lien against tangible personal property?
SUMMARY: Section 197.086, F. S., as amended by s. 3, Ch. 75-136, Laws of Florida, mandates a uniform judicial procedure to be followed by tax collectors in enforcing collection of delinquent ad valorem personal property taxes. Subsequent to the judicial proceeding a tax warrant issued for this purpose shall have the same force as a writ of garnishment. A lien for unpaid personal property taxes is created and perfected for state and local purposes by s. 197.056, F. S., independently of s. 197.086, F. S., which concerns only enforcement of said lien. Chapter 75-136, Laws of Florida, amended s. 197.086, F. S., to remove any ambiguity as to what constitutes a "proper judicial proceeding" and to establish a uniform statewide procedure for enforcing collection of unpaid personal property taxes. Section 197.086, supra, now reads: (1) Prior to May 1 of each year, the tax collector shall prepare a list of the unpaid personal property taxes containing the names and addresses of the taxpayers and the property subject to the tax, as the same appear on the tax roll. Thereupon, the tax collector shall issue warrants against the delinquent taxpayers providing the levy upon and seizure of tangible personal property of each delinquent taxpayer for unpaid taxes in the form of a written appointment from the tax collector with a statement from him to the person in whose name the property is assessed stating the amount of taxes due. Within 30 days from the date such list is prepared, the tax collector shall cause the filing of a petition in the Circuit Court for the county in which the tax collector serves, which petition shall briefly describe the levies and nonpayment of taxes, the issuance of warrants, and the publication of notice as provided for in s. 197.062, and shall list the names and addresses of the taxpayers who failed to pay taxes and the personal property taxed, as the same appear on the assessment roll. Said petition shall pray for an order ratifying and confirming the issuance of said warrants and directing the tax collector or his deputy to levy upon and seize the tangible personal property of each delinquent taxpayer to satisfy the unpaid taxes set forth in the petition. At the time such petition is directed to be filed, such tax collector is empowered to employ counsel and agree upon his or their compensation for conducting such suit or suits and to pay such compensation out of the general office expense fund, and he may include such item in the budget. No attorneys' fees shall be fixed as costs or allowed by the court in such suits. Immediately upon the filing of said petition, the tax collector, through his attorney, shall request the earliest possible time for hearing before the Circuit Court on said petition, at which hearing the tax roll shall be presented and the tax collector or one of his deputies shall appear to testify under oath as to the nonpayment of the personal property taxes listed in the petition. If it shall appear to the Circuit Court that the taxes as appear on the tax roll are unpaid, the court shall issue its order directing the tax collector or his deputy to levy upon and seize so much of the tangible personal property of the taxpayers who are listed in the petition as is necessary to satisfy the unpaid taxes. This proceeding is specifically provided to safeguard the constitutional rights of the taxpayers in relation to their tangible personal property and shall be conducted with this objective in mind. The court shall retain jurisdiction over the matters raised in the petition to hear such objections of taxpayers to the levy and seizure of their tangible personal property as may be warranted under the statutes and laws of the state. (2) A tax warrant issued by the tax collector for the collection of tangible personal property taxes shall, after the court has issued its order as set forth in subsection (1), have the same force as a writ of garnishment when levied by the tax collector upon any person, firm, or corporation who has any goods, moneys, chattels, or effects of the delinquent taxpayer in his hands, possession, or control or who is indebted to such delinquent taxpayer. When any tax warrant is levied upon any debtor or person holding property of the taxpayer, the debtor or person shall pay the debt or deliver the property of the tax delinquent to the tax collector levying the warrant, and the receipt of the tax collector shall be complete discharge to that extent of the debtor or person holding the property. The tax collector shall make note of the levy upon the tax warrant. (Emphasis supplied.) Your first question is answered accordingly and your second question is answered in the negative. The requirements of a judicial proceeding as outlined in s. 197.086, F. S., as amended by s. 3, Ch. 73-136, supra, apply only in regard to the enforcement of collection of the unpaid personal property taxes. Section 197.056(1), F. S., provides: (1) All taxes imposed pursuant to the constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed . . . . All personal property tax liens, to the extent that the property to which the lien is applicable cannot be located in the county or to which the sale of the property is insufficient to pay all delinquent taxes, interest, fees, and costs due, shall be liens against all other personal property of the taxpayer within that county. . . . (Emphasis supplied.) Thus, for state and local purposes, a lien for delinquent ad valorem taxes assessed on tangible personal property is in the nature of a perfected lien from the date of assessment, January 1 of the year assessed. This lien is enforceable pursuant to the mandatory provisions of s. 197.086, but exists independently of such provisions. Also see s. 197.092, F. S., as amended by s. 3, Ch. 75- 136, Laws of Florida, as to execution on personal property removed from the county in which the tax was assessed. It should be noted that when a lien for ad valorem taxes on personal property competes for priority with an Internal Revenue Service lien, federal law controls and the ad valorem tax lien is not deemed perfected until such time as the amount of taxes is actually known. This point may occur well after the statutory lien date of January 1. Attorney General Opinion 074-337. However, if the competing federal lien on personal property is held by the Small Business Administration, federal law gives the local ad valorem tax lien the same status and priority it would have over private liens or mortgages pursuant to s. 197.056(1), supra. Attorney General Opinion 074-345.